MEDINA, APPELLANT, *v*. THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of
Guayama.

No. 150.—Decided October 23, 1913.

RÉCORD OF TITLE—REGISTRARS OF PROPERTY—LIMIT TO REVIEW OF JUDICIAL
    DOCUMENTS.—Although article 18 of the Mortgage Law grants to the regis-
    trars the power to pass on, under their responsibility, all documents issued
    by judicial authorities for the sole purpose of admitting, suspending, or
    refusing their admission to record or entry, said power does not authorize
    them to examine the grounds of judicial decisions or to base the denial of
    any record or entry upon their estimation of the legality of such grounds,
    albeit they are allowed to consider whether the decisions were rendered by a
    court of competent jurisdiction in a proper action.
ID.—DOMINION TITLE PROCEEDINGS—DEPOSITIONS—AFFIDAVITS.—A decision of a
    district court approving dominion title proceedings should not be refused
    admission to record because the witnesses testified by means of depositions
    taken before a justice of the peace of said district commissioned for that
    purpose by the said court, for the doctrine laid down in the case of *Meléndez*
    v. *The Registrar*, 17 P. R. R., 575, is applicable only to affidavits and not to
    depositions of witnesses.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for appellant.

*Mr. Felipe Cuchí Arnau*, the registrar, filed a brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Proceedings having been instituted by Juan Medina to
prove his title of ownership to a rural property composed
of 21 *cuerdas*, more or less, of land lying in the *barrio* of
Catruo of the town of Cidra, the District Court of Guayama,
in its decision of November 16, 1912, ordered the admission
to record in the registry of property of the dominion title
to said property in favor of the petitioner on the ground that
the formalities required by article 395 of the Mortgage Law
had been complied with. Upon the presentation of a certified
copy of said decision in the registry of property to secure com-
pliance with the court's order, the registrar refused to record
the title on the ground set forth in the following decision:

"The admission to record of this document is denied because it appears therefrom that the testimony of the witnesses was taken before an authority other than the one before whom the proceedings were heard. As required by the Act of March 1, 1902, a cautionary notice of this denial is entered on folio 160 of vol. 15 of Cidra, property No. 940 (record), entry letter A. Guayama, June 23, 1913. The Registrar, Felipe Cuchí Arnau."

This decision is submitted to our consideration in an administrative appeal taken therefrom by Juan Medina.

The appellant alleges as a ground for the appeal that the registrars have no authority to review judicial decisions and cites in support of his allegation article 18 of the Mortgage Law and the following decisions of this court: *Ramos* v. *The Registrar of Property,* 16 P. R. R., 57; *Ramírez* v. *The Registrar of Property,* 16 P. R. R., 330; *Hernández* v. *The Registrar of Property,* 16 P. R. R., 440, and *Inchausti* v. *The Registrar of Property,* 17 P. R. R., 566.

We ratify and repeat the doctrine which we have established in our decisions cited by the appellant to the effect that although article 18 of the Mortgage Law grants to the registrars the power to pass on, under their responsibility, all documents issued by judicial authorities for the sole purpose of admitting, suspending or refusing their admission to record or entry, said power does not authorize them to examine the grounds of judicial decisions or to base the denial of any record or entry upon their estimation of the legality of such grounds, albeit they are allowed to consider whether the decisions were rendered by a court of competent jurisdiction in a proper action.

The decisions invoked by the registrar are not applicable to the present case, for the first treats of possessory title proceedings wherein affidavits were admitted in evidence and the second refers to dominion title proceedings brought before us in an appeal from a decision of the District Court of Arecibo and not from a decision of the registrar of property of that district, in which appeal, therefore, this court could prop-

erly examine the grounds of the decision appealed from and inquire into the regularity of the procedure in the lower court.

In the proceedings which gave rise to the decision appealed from, we find that witnesses Ramón Ortiz and Concepción Díaz testified by means of .declarations subscribed and sworn to before the Justice of the Peace of La Cidra, who was commissioned by the District Court of Guayama for that purpose; and, if this is true, it may well be inferred that they were not, properly speaking, such affidavits as are defined in section 124 of the Law of Evidence, but depositions taken after notice to the parties who intervened in the proceedings.

The doctrine which we established in the case of *Meléndez* v. *The Registrar of Property* (17 P. R. R., 575) is applicable only to affidavits; for, as we there stated, citing section 128 of the Law of Evidence, an affidavit is generally an ancillary proceeding or something to support or verify another paper or. proceeding or expressly permitted by some other provisions of this or any law of Porto Rico. We will add here that in an action or special proceeding an affidavit is without legal force or effect as evidence going to the merits of the case.

The same is not true of a deposition, which, according to section 125 of the said Law of Evidence, is a written declaration under oath, made upon notice to the adverse party for the purpose of enabling him to attend and cross-examine. A deposition possesses probatory force which is not found in an affidavit: therefore, under certain conditions, the former may be admitted in an action or special proceeding.

The testimony of witnesses Ramón Ortiz and Concepción Díaz given before the Justice of the Peace of La Cidra who was commissioned by the Judge of the District Court of Guayama, are depositions, and the action of the judge in issuing said commission and his estimation of the evidence given therein cannot be inquired into by the Registrar of Property of Guayama, according to the doctrine laid down in the decisions of this court cited above.

The said legal points might be made the subject of an ap peal from the resolutory decree entered in the dominion-title proceedings, but they cannot be raised by a registrar as objec tions to said decision rendered by the District Court of Gua yama within the scope of its jurisdiction and in a proper proceeding.

For the foregoing reasons the decision appealed from is reversed and the Registrar of Guayama is directed to proceed in accordance with the legal principles herein set forth.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary took no part in this decision.